301 F.3d 37
 VANDOR, INC., Plaintiff-Appellant,
John P. Bartolomei, Appellant,
v.
James MILITELLO, James R. Militello Realty, Inc., 438 Main Street, Inc., Delaware North Companies, Inc., Jeremy Jacobs, Andrew Nicol, Solar Sportsystems, Inc., Erie County Industrial Development Agency (ECIDA), City of Buffalo, 60 Key Centre Associates, LLC, Emmis Management Co., Inc., Ciminelli Development Co., Inc., Ciminelli Management Corp., Paul Ciminelli, Buffalo Economic Renaissance Corp. (BERC), Alan H. Delisle, Anthony M. Masiello, Defendants-Appellees.
 Docket No. 01-7334.
 Docket No. 01-9485.
 United States Court of Appeals, Second Circuit.
 Argued: June 25, 2002.
 Decided: August 19, 2002.
 
 Kevin W. Goering, New York, NY (John P. Bartolomei, on the brief), for Appellant Vandor, Inc.
 John P. Bartolomei, pro se, Niagara Falls, NY, for Appellant John P. Bartolomei.
 Gerald T. Walsh, Buffalo, NY (Guy J. Agostinelli, on the brief), for Appellees James Militello and James R. Militello Realty.
 Kevin M. Kearney, Buffalo, NY (Michael B. Risman, Corporation Counsel of the City of Buffalo; David R. Hayes, Assistant Corporation Counsel; Kathleen Sellers; Lawrence J. Vilardo; Anthony J. Latona; Paul Rubin; Richard Y. Im, on the brief), for Appellees 438 Main Street, Inc., Delaware North Companies, Inc., Jeremy Jacobs, Andrew Nicol, Solar Sportsystems, Inc., Erie County Industrial Development Agency (ECIDA), City of Buffalo, 60 Key Centre Associates, LLC, Emmis Management Co., Inc., Ciminelli Development Co., Inc., Ciminelli Management Corp., Paul Ciminelli, Buffalo Economic Renaissance Corp. (BERC), Alan H. DeLisle, Anthony M. Masiello.
 Before: JACOBS, LEVAL, KATZMANN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Vandor, Inc. appeals the judgment of the Western District of New York (Elfvin, J.), dismissing Vandor's § 1983 complaint for failure to state a claim. The eighteen-count complaint alleged a taking violative of Vandor's substantive due process rights by certain governmental entities and officials, and by private individuals and companies acting in concert with the government. In another notice, John P. Bartolomei, Esq., who represented Vandor in the underlying suit, challenges the district court's imposition of Rule 11 sanctions.
 
 
 2
 The district court dismissed all of Vandor's claims with prejudice and on the merits, ruling alternatively that the takings claim "could also be dismissed because the plaintiff had failed to exhaust state methods." Vandor, Inc. v. James Militello, et al., 00-CV-0756E(F) (W.D.N.Y. Oct. 23, 2001). On appeal, Vandor maintains that it asserted a valid takings claim, and that even if the takings claim is determined to have been unripe, the district court lacked jurisdiction to dismiss it with prejudice.
 
 
 3
 We affirm the district court's dismissal with prejudice of the takings claim and the substantive due process claim based on the alleged taking, although on different grounds.
 
 
 4
 We are obliged to consider the ripeness question before reaching the merits of Vandor's claims because ripeness is jurisdictional, Marchi v. Board of Cooperative Educ. Servs. of Albany, 173 F.3d 469, 478 (2d Cir.1999), and absent jurisdiction "federal courts do not have the power to dismiss with prejudice," Hernandez v. Conriv Realty Assocs., 182 F.3d 121, 122 (2d Cir.1999) (emphasis added).
 
 
 5
 A takings claim is unripe where "a remedy potentially is available under the state constitution's provision." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 380 (2d Cir.1995); see also Williamson Co. Regional Planning v. Hamilton Bank of Johnson City, 473 U.S. 172, 187-88, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985); Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88-89 (2d Cir.2002).
 
 
 6
 Although Vandor identifies no potential avenue for state court relief, we recognize that under New York State law, Article 78 is a form of proceeding available to compel public officials to comply with their responsibilities. N.Y. C.P.L.R. § 7801, et seq. (McKinney's 2002). The statute of limitations for instituting such a petition, however, is generally four months. N.Y. C.P.L.R. § 217(1) (McKinney's 2002). That period has long passed, and Vandor posits no argument for equitable tolling, or for application of a different limitations period.
 
 
 7
 "[A] claimant cannot be permitted to let the time for seeking a state remedy pass without doing anything to obtain it and then proceed in federal court on the basis that no state remedies are open." Gamble v. Eau Claire Co., et al., 5 F.3d 285, 286 (7th Cir.1993). Thus, though the merits of Vandor's takings claim (such as they are) are unripe, Vandor does not say how they can ever ripen. Since Article 78 is constitutionally sufficient, and since no other available avenue is cited by Vandor, we may therefore dismiss the claim with prejudice.
 
 
 8
 Finally, we affirm all other rulings of the district court, including its imposition of sanctions, for the reasons stated by the district court. Vandor, Inc. v. James Militello, et al., 00-CV-0756E(F) (W.D.N.Y. Feb. 14, 2001); Vandor, Inc., 00-CV-0756E(F).
 
 
 9
 We affirm the district court's judgment dismissing the complaint with prejudice.