12-3385-cv
*Dreher v. Doherty, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

MICHAEL P. DREHER, CHRISTINA DREHER, *et ux.*,

> *Plaintiffs-Appellants,*

v.                                                      No. 12-3385-cv

KATHERINE DOHERTY, Supervisor of the
Town of Kent, JULIANN BUTLER, Building Inspector of
the Town of Kent, THE TOWN BOARD, TOWN OF KENT,
TOWN OF KENT, NESTOR VELEZ,

> *Defendants-Appellants.*

---

**FOR PLAINTIFFS-APPELLANTS:**        Michael P. Dreher, Christina Dreher, *pro se*,
                                       Vernon, NJ.

**FOR DEFENDANTS-APPELLEES:**         Adam I. Kleinberg, Anthony Cardoso,
                                       Sokoloff Stern LLP, Carle Place, NY; Nestor
                                       Velez, *pro se*, Carmel, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 24, 2012 judgment of the District Court is **AFFIRMED**.

Appellants Michael and Christina Dreher, proceeding *pro se*, appeal from the District Court's dismissal of their constitutional claims against, *inter alia*, the Town of Kent on the ground that their federal claims were not ripe for review.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**DISCUSSION**

**A.**

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(1). *See Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Land use challenges, whether pursued as a takings claim under the Fifth Amendment or as violations of equal protection or due process, are subject to the ripeness requirement articulated by the Supreme Court in *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172 (1985) ("*Williamson*"). *See Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 348-49 (2d Cir. 2005); *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88-89 (2d Cir. 2002). This two-pronged ripeness inquiry requires a plaintiff to show that: "(1) the state regulatory entity has rendered a 'final decision' on the matter, and (2) the plaintiff has sought just compensation by means of an available state procedure." *Dougherty*, 282 F.3d at 88.

Under *Williamson*'s first prong, "federal review [is conditioned] on a property owner submitting at least one meaningful application for a variance." *Murphy*, 402 F.3d at 348. However, a party need not apply for a variance "when a zoning agency lacks discretion to grant variances or has dug in its heels and made clear that all such applications will be denied." *Id.* at 349. Under *Williamson*'s second prong, "if a State provides an adequate procedure for seeking just compensation,

---

[1] After dismissing the federal claims at issue, the District Court declined to exercise supplemental jurisdiction over the remaining state law claims.

the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson*, 473 U.S. at 195.

**B.**

We identify no error in the District Court's dismissal of the Drehers' claims because the Drehers have not satisfied either prong of the *Williamson* test.

First, it is undisputed that the Drehers never filed a building proposal or applied for a variance. The record also belies any assertion that the futility exception to ripeness should apply here because the Drehers were informed by the Town of Kent that they could apply for a variance—an invitation they ultimately declined. Moreover, contrary to the Drehers' assertion, mere doubt that their application would be denied is insufficient to establish futility. *See, e.g.*, *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1035 (9th Cir. 2005); *Gilbert v. City of Cambridge*, 932 F.2d 51, 61 (1st Cir. 1991). Accordingly, the District Court properly found that the Drehers' claims were not ripe under *Williamson*'s first prong.

Second, the District Court also correctly concluded that the Drehers did not satisfy *Williamson*'s second prong. In New York, a plaintiff may address a takings or just compensation claim either through an Article 78 proceeding or under New York's Eminent Domain Procedure Law. *See Island Park, LLC v. CSX Transp.*, 559 F.3d 96, 109-10 (2d Cir. 2009) (New York's Eminent Domain Procedure Law); *Vandor, Inc. v. Militello*, 301 F.3d 37, 39 (2d Cir. 2002) (Article 78). Because the Drehers did not avail themselves of either of these procedures provided by New York State law, their claims are not ripe under *Williamson*'s second prong. *See Williamson*, 473 U.S. at 194-97; *see also Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 380 (2d Cir. 1995) (holding that state exhaustion is required for both physical and regulatory takings claims).

**CONCLUSION**

We have considered all of the Drehers' arguments on appeal and find them to be without merit. For the reasons stated, we **AFFIRM** the District Court's July 24, 2012 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3