12-5014-cv
JWJ Indus., Inc. v. Oswego County

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand thirteen.

PRESENT: REENA RAGGI,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------------

JWJ INDUSTRIES, INC., JEFFREY HOLBROOK,
*Plaintiffs-Appellants*,

v.                                                                 No. 12-5014-cv

OSWEGO COUNTY,
*Defendant-Appellee*.

------------------------------------------------------------------------

APPEARING FOR APPELLANTS:     MINDY L. ZOGHLIN, Bansbach Zoghlin P.C., Rochester, New York.

APPEARING FOR APPELLEE:       MICHAEL J. CAHILL, Germano & Cahill, P.C., Holbrook, New York, Richard C. Mitchell, Office of Oswego County Attorney, Oswego, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 26, 2012, is AFFIRMED.

Plaintiffs JWJ Industries, Inc. and Jeffrey Holbrook (collectively, "JWJ") appeal from a grant of partial summary judgment in favor of defendant Oswego County (the "County") on JWJ's claims that Oswego County Local Law No. 2 of 2011 (the "2011 Law") is unconstitutionally vague, effects an unconstitutional taking, deprives JWJ of due process, and violates JWJ's equal protection rights.  We review an award of summary judgment de novo, viewing the record evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor.  See Townsend v. Benjamin Enters., Inc., 679 F.3d 41, 47 (2d Cir. 2012). We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Vagueness Challenge

A statute can be unconstitutionally vague if it (1) "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits," or (2) "authorizes or even encourages arbitrary and discriminatory enforcement."  Hill v. Colorado, 530 U.S. 703, 732 (2000); accord VIP of Berlin, LLC v. Town of Berlin, 593 F.3d 179, 186–87, 191 (2d Cir. 2010).  "[E]conomic regulation," such as the statute at issue here,

2

"is subject to a less strict vagueness test," because it often has a narrow subject matter, and because a regulated business "may have the ability to clarify the meaning of the regulation by its own inquiry, or by resort to an administrative process."[1] Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 498 (1982).

The 2011 Law states that "All Solid Waste generated within and/or collected within the County of Oswego shall be delivered to the County Solid Waste Facility." 2011 Law § 4(9)(a). Excepted from this requirement are "Recyclable Materials"—including "Recyclable Materials generated as a result of C&D[2] activity"—which may be taken to any facility, regardless of location, that provides for their "re-use, recovery, or Recycling." Id. § 4(6)(c).

The district court upheld the 2011 Law against JWJ's vagueness challenge except insofar as § 2(25) permits the Director of Solid Waste Programs to determine which materials are recyclable on a "case by case basis," which procedure the district court held permit arbitrary enforcement.[3]

JWJ argues on appeal that the statute is unconstitutionally vague as a whole because it denies people of ordinary intelligence an opportunity to understand whether "C&D Debris"

---

[1] Indeed, such a "clarif[ication]" took place here. Before bringing suit, JWJ corresponded with Oswego County and received the County's interpretation of the provisions at issue, which accords with our own.

[2] The term "C&D" refers to construction and demolition.

[3] The County does not appeal from this ruling.

constitutes "Recyclable Materials," which can be brought to any facility that provides for reuse, recovery, and recycling, including the private transfer station operated by JWJ, or "Solid Waste," which—if it originates in Oswego County—must be brought to the County Solid Waste Facility.

In fact, the 2011 Law is not vague as to these questions. Section 4(10) reads in full:

> Nothing in this section shall be construed to prevent the source separation and marketing of Recyclable Materials from C&D Debris or other Solid Waste at the point of collection, provided, however, that such Recyclable Materials are segregated in a suitable container and are not co-mingled with other Solid Wastes before transport to market. Recyclable Materials that are co-mingled with other Solid Wastes shall be subject to the provisions of this section.

By providing for the "separation . . . of Recyclable Materials from C&D Debris," id., the quoted statutory text makes clear that C&D Debris is not, as JWJ contends, a subset of "Recyclable Material." If C&D Debris were merely a type of "Recyclable Material," it would logically be impossible to "separate" the two. Rather, C&D Debris can consist of both recyclable and non-recyclable material. These subcategories can be separated through "source separation"—that is, through sorting before they are hauled. The final sentence of the quoted text indicates that unsorted C&D Debris, because it commingles "Recyclable Material" and "other Solid Wastes," is subject to the flow control provisions governing Solid Waste, see id. § 4(9), which require that such waste be delivered to the County Solid Waste Facility.

4

JWJ also contends that the statute is unconstitutionally vague as to whether Recyclable Materials may be brought to a non-County facility, such as a private transfer station. In fact, the statute clearly permits the bringing of such materials to a non-County facility, see id. §§ 6(c), 9(a)(i), so long as they are not "disposed [of] by depositing" them there permanently, id. § 6(f). Indeed, JWJ itself appears readily able to discern this meaning. See Appellants' Br. 21 ("JWJ agrees that the 2011 Law does not prohibit Recyclable Materials from being delivered to a transfer station. It only prohibits 'disposal by depositing' of Recyclable Materials at a transfer station. . . .").

Because the 2011 Law thus provides "people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits," Hill v. Colorado, 530 U.S. at 732, JWJ's void-for-vagueness challenge necessarily fails to meet the "less strict" standard applied to economic regulation, Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. at 498.

2.    Takings Clause Challenge

JWJ argues that the district court erred in rejecting its takings claim as (1) unripe and (2) without merit.

Where "a State provides an adequate procedure for seeking just compensation," a "property owner has not suffered a violation of the Just Compensation Clause until the owner has unsuccessfully attempted to obtain just compensation" through that procedure. Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 195 (1985);

5

accord Islander Park, LLC v. CSX Transp., 559 F.3d 96, 109–10 (2d Cir. 2009). Where the property owner has not availed itself of the state procedure, the claim is unripe. See Islander Park, LLC v. CSX Transp., 559 F.3d at 109.[4]

As the district court correctly held, New York provides an adequate procedure for seeking just compensation for the sort of taking at issue in this case. See N.Y. Const. art. I, § 7(a) (establishing right to just compensation in takings cases); N.Y. Em. Dom. Proc. Law art. 5, §§ 501–14 (setting forth procedure for determining just compensation). JWJ having failed to employ these procedures, its claim is not ripe for federal review. See Vandor, Inc. v. Militello, 301 F.3d at 39 (dismissing takings claim as unripe for failure to seek review in New York state court). We affirm the district court's decision to dismiss JWJ's takings claim on that ground without further need to address the merits.

---

[4] JWJ contends that we need not determine ripeness because the district court held its claim ripe in an earlier proceeding. See JWJ Indus., Inc. v. Oswego Cnty., No. 5:09 Civ. 0740 (NPM/DEP), 2009 WL 2163097 (N.D.N.Y. July 17, 2009). We are not persuaded. The holding to which plaintiffs refer was reached in another suit, challenging not the 2011 Law but an earlier version of that statute. See id. at *1. In any event, the district court had "discretion[]" to "reconsider its own decisions prior to final judgment." DiLaura v. Power Auth. of the State of N.Y., 982 F.2d 73, 76 (2d Cir. 1992) (quotation marks omitted).

3.      Substantive Due Process

JWJ contends that the 2011 Law makes it prohibitively expensive to operate its transfer station, thereby depriving Holbrook of his freedom "to engage in any of the common occupations of life." Meyer v. Nebraska, 262 U.S. 390, 399 (1923). Precedent will not stretch that far. In the cases on which JWJ relies, the Supreme Court recognized a due process right to be free from government actions that directly restrict one's employment opportunities, either by regulating eligibility for professional employment, see Bd. of Regents v. Roth, 408 U.S. 564, 573–74 (1972), or by refusing to rehire a former employee while making a "charge against him that might seriously damage his standing and associations in his community," id. at 573. Due process has not been construed to preclude government actions that adversely affect a business's profitability. Accordingly, the district court correctly entered judgment in favor of defendants on this claim.

4.      Equal Protection

JWJ brought, and now presses on appeal, a "class of one" equal protection claim, arguing that competitor Syracuse Haulers is receiving more favorable treatment from the County because it is permitted to haul source-separated recyclable material (sorted from C&D Debris) to a non-County facility, while JWJ may not haul non-separated C&D Debris to a non-County facility.

"[C]lass-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." Clubside, Inc. v. Valentin,

7

468 F.3d 144, 159 (2d Cir. 2006) (requiring showing that "no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy" (internal quotation marks omitted)). JWJ's circumstances are, in fact, materially different from those of Syracuse Haulers. The record indicates, and JWJ in its brief appears to accept, see Appellants' Br. 40, that Syracuse Haulers is hauling source-separated recyclable material, which the 2011 Law exempts from its flow control requirements, see 2011 Law § 4(9)(a)(i). JWJ wishes to haul non-separated material, which the 2011 Law considers "Solid Waste" subject to the statute's flow control requirements. See id. § 4(10). JWJ's conclusory statement that no legitimate policy supports Oswego County's distinction between source separation and post-collection separation lacks any persuasive force.

5. Conclusion

We have considered JWJ's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

8