*Ferncliff Cemetery Association v. Town of Greenburgh, New York*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of February, two thousand twenty-one.

PRESENT:   JOSÉ A. CABRANES,
                     GERARD E. LYNCH,
                                     *Circuit Judges,*
                     VICTOR MARRERO,
                                     *Judge.*[*]

----

FERNCLIFF CEMETERY ASSOCIATION,

                     *Plaintiff-Appellant,*

                                     20-207-cv

                     v.

TOWN OF GREENBURGH, NEW YORK,

                     *Defendant-Appellee.*

----

----

[*] Judge Victor Marrero, of the United States District Court for the Southern District of New York, sitting by designation.

| | |
|---|---|
| **FOR APPELLANT:** | WILLIAM H. MULLIGAN JR., Bleakley Pratt & Schmidt, LLP, White Plains, NY. |
| **FOR APPELLEE:** | EDWARD LIEBERMAN (Richard L. Marasse, *on the brief*) Office of the Town Attorney, Town of Greenburgh, Greenburgh, NY. |

Appeal from a December 18, 2019 judgment, together with the underlying decision and order dated December 17, 2019, of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Ferncliff Cemetery Association ("Ferncliff") appeals from a judgment entered on December 18, 2019 in favor of Defendant-Appellee Town of Greenburgh, New York. By decision and order dated December 17, 2019, the District Court granted the Town's motion to dismiss Ferncliff's First Amended Complaint, which alleged constitutional violations principally arising from the Town's denial of Ferncliff's application for a building permit, for lack of subject matter jurisdiction on the ground that the claims were not ripe for review.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review on appeal, which we reference only as necessary to explain our decision.

We review *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[2] Land use challenges, whether pursued as a takings claim under the Fifth Amendment or as violations of equal protection or due process, are subject to the ripeness requirement articulated in *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172 (1985).[3] The first part of *Williamson*'s ripeness test states that a land use challenge is not ripe for judicial review until the government entity charged with implementing the relevant regulations has reached a "final decision" regarding their application to

---

[1] *Ferncliff Cemetery Ass'n v. Town of Greenburgh*, No. 18-cv-6411, 2019 WL 6878560, at *8-*9 (S.D.N.Y. Dec. 17, 2019). After concluding that Ferncliff's constitutional claims should be dismissed, the District Court declined to exercise supplemental jurisdiction over the related state law claims. *Id.* at *9.

[2] *Sunrise Detox V, LLC v. City of White Plains*, 769 F.3d 118, 121 (2d Cir. 2014).

[3] *See Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 349 (2d Cir. 2005). After the Supreme Court decided *Williamson*, this Court extended the final-decision requirement to other constitutional claims relating to land use disputes, including substantive and procedural due process challenges. *See, e.g.*, *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88–89 (2d Cir. 2002); *see also Kurtz v. Verizon N.Y., Inc.*, 758 F.3d 506, 515–16 (2d Cir. 2014).

the property at issue.[4] In practice, the final decision requirement "conditions federal review on a property owner submitting at least one meaningful application for a variance."[5] A property owner will be excused from seeking a variance, however, if doing so would be futile.[6] Futility occurs "when a zoning agency lacks discretion to grant variances or has dug in its heels and made clear that all such applications will be denied."[7] We review the issue of ripeness *de novo*.[8]

Upon *de novo* review of the record and upon consideration of the arguments advanced by the parties, we conclude that the District Court properly granted the Town's motion to dismiss.

Ferncliff argues that the District Court erred in concluding that its constitutional claims failed the first part of *Williamson*'s ripeness test, submitting that there was a final decision as to the parcel. We do not agree. In its First Amended Complaint, Ferncliff makes no allegation that it has sought or made an application for a variance after the Town's Zoning Board of Appeals ("ZBA") upheld the denial of the building permit.[9] Instead, Ferncliff appealed the ZBA's decision in state courts, which have affirmed the ZBA's decision, and then further filed a motion for leave to appeal to the New York Court of Appeals.

---

[4] *Williamson*, 473 U.S. at 186. The Supreme Court recently overruled the second part of the ripeness test set forth in *Williamson. See Knick v. Township of Scott,* 139 S. Ct. 2162, 2168 (2019) (explaining that a property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it, and therefore may bring his claim in federal court under 42 U.S.C. § 1983 at that time, overruling *Williamson*).

[5] *Murphy*, 402 F.3d at 348; *id.* at 353 ("As the *Williamson County* Court held, failure to pursue a variance prevents a federal challenge to a local land use decision from becoming ripe. This is so because through the variance process local zoning authorities function as 'flexible institutions; what they take with the one hand they may give back with the other.' Not pursuing a variance thus leaves undetermined the permitted use of the property in question." (citing *Williamson*, 473 U.S. at 190, and quoting *MacDonald, Sommer & Frates v. Yolo County*, 477 U.S. 340, 350 (1986))).

[6] *Id.* at 349.

[7] *Id.*

[8] *See id.* at 347.

[9] Ferncliff acknowledges that it was advised by at least one official to apply for a variance, and in its decision the ZBA advised Ferncliff that a use variance would be required in order to use the property for cemetery purposes, as Ferncliff acknowledges in its First Amended Complaint. To the extent Ferncliff suggests that the Town is unalterably opposed to its contention that it may use the relevant land for cemetery use *as of right*, without the need for a variance, that dispute does not imply that the Town is so opposed to the issuance of the requested permit that application for a variance would be futile. Nor does the Town's position require Ferncliff to abandon its contention, still being litigated in the state courts, that the property in question is dedicated to cemetery use; as the Town acknowledged to this Court, Ferncliff could apply for a variance while reserving its right to continue to litigate that issue.

Nevertheless, Ferncliff submits that its failure to obtain a final decision by way of making a variance application is excused by the doctrine of futility.[10] Ferncliff has not, however, alleged that the entities charged with approving use variances lack discretion to grant the relief it seeks, nor has Ferncliff alleged that the ZBA has made clear that Ferncliff's applications for relief by way of a variance will be denied.[11] Again, it was the ZBA itself that advised a use variance was required.[12] Ferncliff's arguments on appeal about the subsequent actions by the Town Board and Tax Assessor do not suffice as substitutes for evidence that the ZBA or the relevant entity has "dug in its heels and made clear that all such [variance] applications will be denied."[13] Ferncliff has thus not demonstrated futility.

Because Ferncliff has not obtained a final determination or demonstrated that the futility exception applies, we conclude that Ferncliff's federal constitutional claims are premature. Accordingly, the District Court did not err in dismissing Ferncliff's claims for lack of subject matter jurisdiction on the ground of ripeness.

## CONCLUSION

We have reviewed the arguments raised by Ferncliff on appeal and find all of them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court dated December 18, 2019.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[10] *See Murphy*, 402 F.3d at 349 (observing that "property owner need not pursue such applications when a zoning agency lacks discretion to grant variances or has dug in its heels and made clear that all such applications will be denied").

[11] *Id.*; *see, e.g.*, *Thomas v. Town of Mamakating, New York*, 792 F. App'x 24, 27-28 (2d Cir. 2019) (non-published summary order) (applying *Murphy* to conclude that the Town's actions, even when comments may reflect exasperation or skepticism, do not warrant application of the futility exception because it does not "ma[k]e clear that all [variance] applications will be denied").

[12] *See, e.g.*, *Dreher v. Doherty*, 531 F. App'x 82, 83 (2d Cir. 2013) (non-published summary order) ("It is undisputed that the Drehers never . . . applied for a variance. The record also belies any assertion that the futility exception to ripeness should apply here because the Drehers were informed by the Town of Kent that they could apply for a variance – an invitation they ultimately declined.").

[13] *Sherman v. Town of Chester*, 752 F.3d 554, 561 (2d Cir. 2014) (internal quotation marks omitted).

4