0-1112-cv
Diaz v. Judge Advocate General of the Navy

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of March, two thousand eleven.

PRESENT:
> ROBERT A. KATZMANN,
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

───────────────────────────────────

SALVADOR DIAZ,

> *Plaintiff-Appellant*,

> v.                                                              10-1112-cv

JUDGE ADVOCATE GENERAL OF THE NAVY,

> *Defendant-Appellee*.

───────────────────────────────────

FOR APPELLANT:            Salvador Diaz, *pro se*, New York, NY.

FOR APPELLEE:             Tomoko Onozawa and Benjamin H. Torrance, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Salvador Diaz, *pro se*, appeals from the district court's *sua sponte* dismissal of his complaint on claim preclusion grounds. We assume the parties' familiarity with the underlying facts, procedural history of the case, and specification of the issues on appeal.

This Court reviews *de novo* a district court's *sua sponte* dismissal of a complaint, *see Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001), and the application of the doctrine of res judicata, *see O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009). "The preclusive effect of a federal-court judgment is determined by federal common law," and "is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 891-92 (2008). Claim preclusion "forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* at 892 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)) (internal quotation marks omitted). "Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Id.* (quoting *New Hampshire*, 532 U.S. at 748-49).

Under federal law, claim preclusion "bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving

2

the same parties or their privies, and (4) involving the same cause of action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (alteration and internal quotation marks omitted). Although claim preclusion is an affirmative defense that must ordinarily be raised in a party's answer or else is waived, a district court may in certain circumstances raise the issue *sua sponte*. *See Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (per curiam).

Diaz's instant complaint specifically sought, *inter alia*, a "declaratory judgment voiding his conviction by court-martial," a claim over which the district court had determined that it lacked subject matter jurisdiction in Diaz's prior action. A dismissal without prejudice for lack of subject matter jurisdiction is not a dismissal "on the merits" for claim preclusion purposes. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal order under [the involuntary dismissal provision] and any dismissal not under this rule — *except one for lack of jurisdiction*, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits." (emphasis added)); *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice."). While Diaz's instant claim seeking declaratory relief was previously dismissed without prejudice, in 2008 the district court dismissed his ineffective assistance of counsel and erroneous review allegations *with* prejudice, as those claims had already been fully litigated in the District of Kansas and the Tenth Circuit. *See Diaz v. Dep't of Def.*, No. 08 Civ. 370 (DC), 2008 WL 4671833, at *4 (S.D.N.Y. Oct. 23, 2008). Those claims, Diaz concedes, "are essential to demonstrate the claim in the instant case." Appellant's Br. 14-15. Accordingly, because those claims were previously dismissed on the merits (i.e., on the ground of issue preclusion), the district court was correct in

3

concluding that these claims were barred as res judicata and therefore in dismissing Diaz's instant complaint for a declaratory judgment. *See, e.g.*, *Bank of N.Y. v. First Millenium, Inc.*, 607 F.3d 905, 918 (2d Cir. 2010).

We have considered Diaz's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4