12-1704-cv
Sokolowski v. Metropolitan Transportation Authority

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2012

(Argued: January 11, 2013                                    Decided: July 10, 2013)

Docket No. 12-1704-cv
_____

EUGENE SOKOLOWSKI,

*Plaintiff-Appellant*,

—v.—

METROPOLITAN TRANSPORTATION AUTHORITY, MTA METRO-NORTH RAILROAD, MTA METRO-
NORTH COMMUTER RAILROAD,

*Defendants-Appellees*.[*]
_____

B e f o r e :

KEARSE AND KATZMANN, *Circuit Judges*,
RAKOFF, *District Judge*.[**]

_____

Appeal from a March 29, 2012, Judgment of the United States District Court for the

Southern District of New York (Koeltl, *J.*), which dismissed for lack of subject matter

jurisdiction the plaintiff's appeal from a special adjustment board decision made pursuant to the

Railway Labor Act, 45 U.S.C. § 151 *et seq.*  The plaintiff contends that the district court had

_____

[*]  The Clerk of Court is directed to amend the official caption as set forth above.

[**]  The Honorable Jed S. Rakoff, of the United States District Court for the Southern
District of New York, sitting by designation.

1

subject matter jurisdiction under 45 U.S.C. § 153 First (q) and Second because the special

adjustment board exceeded its jurisdiction. We hold that challenges to the jurisdiction of a

special adjustment board are subject to waiver if a party concedes the issue during proceedings

before the board. We conclude that the plaintiff has waived his argument here. Accordingly, for

the reasons stated below, the district court's dismissal of the plaintiff's complaint is

**AFFIRMED**.

————————

BRIAN GARDNER, Sullivan Gardner, P.C., New York, NY, *for Plaintiff-Appellant*.

CAROL SUE BARNETT (Sofia C. Hubscher and Seth J. Cummins, *on the brief*), New York, NY, *for Defendants-Appellees*.

————————

KATZMANN, *Circuit Judge*:

This case concerns the scope of a district court's review of a special adjustment board

decision made pursuant to the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.* Plaintiff-

Appellant Eugene Sokolowski and his former employers, Defendants-Appellees the

Metropolitan Transportation Authority and its subsidiaries the MTA Metro-North Railroad and

MTA Metro-North Commuter Railroad (collectively, the "MTA"), dispute whether the district

court had subject matter jurisdiction to hear an appeal from a decision of a special adjustment

board. By summary order filed simultaneously with this opinion, we have addressed all but one

issue in dispute. We publish to consider a question of first impression for this Court: whether a

party waives a challenge to the jurisdiction of a special adjustment board by explicitly conceding

before the board that the board has jurisdiction. We hold that under these circumstances such a

jurisdictional challenge is waived. Consequently, we affirm the district court's dismissal of

Sokolowski's complaint.

2

**BACKGROUND**

A.      Factual Background

On July 16, 2010, acting on a confidential tip, members of the MTA police department and representatives of the MTA Inspector General entered an office at Grand Central Terminal to check for possible drug activity. In the office, they observed Sokolowski, as well as two other employees of the Metro-North Commuter Railroad Company ("Metro-North"), in the presence of a bottle of alcohol, two bags of marijuana, a metal pipe, and a metal disk. An MTA detective asked the employees whether they were in possession of any other contraband, and Sokolowski removed from his pocket a plastic bag containing marijuana. Sokolowski's urine was subsequently analyzed; it tested positive for marijuana.

In accordance with the collective bargaining agreement governing Sokolowski's employment, the MTA afforded Sokolowski a hearing to determine what, if any, disciplinary action would be taken against him. At the hearing, Sokolowski's representative stated for the record that he had contacted MTA officials regarding the applicability of an agreement titled "Operation: S.A.V.E. Agreement between Metro-North Commuter Railroad and American Railway Supervisors Association" (capitalization omitted) ("SAVE Agreement"), but that the officials had not responded. The SAVE Agreement requires the MTA to provide a waiver allowing an individual who has committed a "substance [abuse] rule violation which is a first offense and which does not involve any other apparent rule violation" to return to service if the employee takes part in the Metro-North Employee Assistance Program. J. App'x 309-11. The SAVE Agreement further states that "[i]f and when disagreements arise as a result of interpretations of the [SAVE] Agreement, a committee of three . . . will meet as expeditiously as

3

possible to resolve any matters in dispute." J. App'x 311. Sokolowski's representative stated at the hearing that the purpose of his calls to MTA officials was to request a meeting of a "committee of three."

Approximately a week after the hearing, General Superintendent R. F. Saraceni issued a Notice of Discipline informing Sokolowski that the discipline to be imposed was "[d]ismissal in all capacities." J. App'x 248. Sokolowski appealed the decision to the Labor Relations Department of the MTA. The Manager of Labor Relations denied the appeal.

Sokolowski then appealed this denial to a special adjustment board that had been established pursuant to 45 U.S.C. § 153 Second as an alternative forum to the National Railroad Adjustment Board ("NRAB"). The special adjustment board (the "Board) was established by and hears disputes between Metro-North and the American Railway and Airway Supervisors Association. In the June 30, 1987, agreement establishing the Board (the "SAB Agreement"), the parties agreed that the Board would have "exclusive jurisdiction over all final appeals in . . . discipline proceedings." J. App'x 486.

On appeal before the Board, Sokolowski contended that he should have been offered a waiver pursuant to the SAVE Agreement. He submitted to the Board a number of documents, including a transcript of his disciplinary hearing. He stated that "[t]he dispute is now properly before the Board for adjudication." J. App'x 277.

The Board found that the MTA had established Sokolowski's guilt with respect to each of the three charges and observed that, although the charge of multiple violations "could be construed as somewhat over-blown piling on, we find no fatal error in the redundancies." J. App'x 42. It stated that "given the egregious nature of the Appellant's violations, the Appellant

4

in this particular case did not have a demand right to a SAVE waiver." J. App'x 43. The Board denied the appeal.

B.    Proceedings Before the District Court

On April 18, 2011, Sokolowski brought this case against the MTA in the United States District Court for the Southern District of New York. He contended, *inter alia*, that the Board exceeded its jurisdiction by hearing the appeal from the MTA's decision when the MTA had not convened a committee of three under the SAVE Agreement. Sokolowski requested that the district court vacate the Board's decision.

The district court dismissed the complaint for lack of subject matter jurisdiction. *See Sokolowski v. Metro. Transp. Auth.*, 849 F. Supp. 2d 412, 417 (S.D.N.Y. 2012). It held that Sokolowski had waived his jurisdictional challenge when he failed to raise it before the Board. *See id.* at 416 n.2. It also stated that even if Sokolowski had not waived the issue, his argument was meritless. *See id.*

On April 25, 2012, Sokolowski filed a timely notice of appeal from the district court's dismissal of his complaint.

**DISCUSSION**

Dismissal for lack of subject matter jurisdiction is proper "when the district court lacks the statutory or constitutional power to adjudicate" a case. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In an appeal from such a dismissal, "an appellate court will review the district court's factual findings for clear error and its legal conclusions *de novo*." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

5

A district court has subject matter jurisdiction over an appeal from a special adjustment board decision only when (1) the board failed to comply with the requirements of the RLA, (2) the board failed "to conform, or confine itself, to matters within the scope of [its] jurisdiction," or (3) one of the board's members engaged in fraud or corruption.  45 U.S.C. § 153 First (q); *see also id.* § 153 Second; *Ollman v. Special Bd. of Adjustment No. 1063*, 527 F.3d 239, 246 n.8 (2d Cir. 2008).  Sokolowski contends that the district court below had subject matter jurisdiction because the Board failed to confine itself to matters within its jurisdiction.  In particular, Sokolowski argues that the Board exceeded its jurisdiction by reviewing the MTA's decision despite the MTA's failure to convene a committee of three.  Brief for Plaintiff-Appellant Sokolwski at 15-16.

Sokolowski's argument relies on the language used by  Metro-North and the American Railway and Airway Supervisors Association to establish the Board's jurisdiction.  The SAB Agreement provides that the Board has jurisdiction over "final appeals."  J. App'x 486. Sokolowski contends that his appeal was not "final" because the MTA failed to convene a committee of three; he argues that the meeting of a committee of three was a "predicate procedural step" to his termination.  Brief for Plaintiff-Appellant Sokolowski at 27.  Sokolowski asserts that consequently the Board did not have jurisdiction to hear his case.

Even assuming that the failure to convene a committee of three is jurisdictional,[1] Sokolowski has waived this argument.  He acknowledged in his submission to the Board that "[t]he dispute is now properly before the Board for adjudication."  J. App'x 277.  That statement

---

[1] "Not all mandatory prescriptions, however emphatic, are . . . properly typed jurisdictional." *Union Pacific R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen*, 558 U.S. 67, 81 (2009) (alteration in original) (internal quotation marks omitted).

constituted an explicit concession that the Board had jurisdiction over his appeal. While Sokolowski now claims that he challenged the Board's jurisdiction by including in his submission to the Board a transcript of the hearing at which his representative had discussed the MTA's failure to convene a committee of three, it is clear from the record that Sokolowski raised no such challenge. At no point during the hearing documented by the transcript did Sokolowski's representative contend that the failure to convene a committee of three undermined the Board's jurisdiction. Moreover, the mere submission of a hearing transcript to the Board did not advance every argument that was raised during the proceeding memorialized by the transcript; Sokolowski made particular arguments on appeal before the Board, and the jurisdictional argument was not among them.

In holding that a plaintiff waives a challenge to the jurisdiction of a special adjustment board by conceding before the board that it has jurisdiction, we distinguish the case in which a plaintiff fails to raise a jurisdictional challenge during proceedings before the NRAB. In *Union Pacific Railroad Co. v. Brotherhood of Locomotive Engineers and Trainmen*, 558 U.S. 67 (2009), the Supreme Court considered whether an objection to proceedings before the NRAB was jurisdictional and observed that "[s]ubject-matter jurisdiction properly comprehended . . . [is] a matter that can never be forfeited or waived." *Id.* at 81 (internal quotation marks omitted). However, the Supreme Court explicitly noted in *Brotherhood of Locomotive Engineers and Trainmen* that "Congress alone controls the [NRAB]'s jurisdiction," *id.* at 71; by contrast, the jurisdiction of a special adjustment board is established by the parties' agreement, 45 U.S.C. § 153 Second. While a party cannot forfeit or waive an objection to the NRAB's jurisdiction, a party *can* forfeit or waive an argument based on a special adjustment board's jurisdictional limits because those limits were established by the parties themselves.

7

We have adopted a similar rule in the arbitration context. In an arbitration case, "if a party participates in arbitration proceedings without making a timely objection to the submission of the dispute to arbitration, that party may be found to have waived its right to object to the arbitration." *See Opals on Ice Lingerie v. Body Lines Inc.*, 320 F.3d 362, 368 (2d Cir. 2003) The reasoning adopted by several of our sister circuits in that context applies equally to the case before us today. The Third Circuit has stated:

> Arbitration between unions and employers is a matter of contract. Once the parties have mutually agreed to refer a matter to an arbitrator, they are bound by his decision and may not later challenge his authority to resolve the claim. The parties, therefore, define the scope of the arbitrator's jurisdiction by agreement . . . .
> [B]ecause arbitrators derive their authority from the contractual agreement of the parties, a party may waive its right to challenge an arbitrator's authority to decide a matter by voluntarily participating in an arbitration and failing to object on the grounds that there was no agreement to arbitrate.

*United Indus. Workers v. Gov't of Virgin Islands*, 987 F.2d 162, 168 (3d Cir. 1993) (citation omitted). The Third Circuit concluded that where a "Union participate[s] in [an] arbitration hearing without voicing objection to the arbitrator's authority to decide the matter, the Union waive[s] its right to challenge the arbitrator's jurisdiction." *Id.* at 169. The D.C. and Fifth Circuits have espoused similar reasoning. *See Howard Univ. v. Metro. Campus Police Officer's Union*, 512 F.3d 716, 720 (D.C. Cir. 2008); *Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Indep. Truck Drivers Union*, 611 F.2d 580, 584 (5th Cir. 1980).

Just as the jurisdiction of an arbitrator is established by the parties' consent, so is the jurisdiction of a special adjustment board. Consequently, just as a party can waive an objection to an arbitrator's jurisdiction, so can a party waive an objection to the jurisdiction of a special adjustment board. Sokolowski conceded the Board's jurisdiction in his submission to the Board, and we decline to consider his waived jurisdictional challenge today.

8

**CONCLUSION**

By summary order issued simultaneously with this opinion, we have addressed

Sokolowski's remaining arguments and concluded that they are without merit.  Accordingly, the

judgment of the district court is hereby **AFFIRMED**.