13-1746-cv
*Bank v. Independence Energy Group LLC et al.*

# In the

# United States Court of Appeals

## For the Second Circuit

————

AUGUST TERM 2013

No. 13-1746-cv

TODD C. BANK, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,
*Plaintiff-Appellant.*


*v.*


INDEPENDENCE ENERGY GROUP LLC AND INDEPENDENCE ENERGY
ALLIANCE LLC,
*Defendants-Appellees.*

————

Appeal from the United States District Court
for the Eastern District of New York.
No. 13 CV 1746 (WFK) — William F. Kuntz, *Judge.*

————

SUBMITTED: OCTOBER 28, 2013
DECIDED: DECEMBER 3, 2013

————

Before: WALKER, CABRANES, and PARKER, *Circuit Judges*.

————————

In this appeal we consider whether the United States District Court for the Eastern District of New York (William F. Kuntz, *Judge*) erred in dismissing *sua sponte* a class action complaint brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, for lack of subject matter jurisdiction, based on its application of New York Civil Practice Law and Rules ("CPLR") § 901(b), which prohibits class-action suits for statutory damages.

We hold, based on the reasoning set forth in our intervening decision in *Giovanniello v. ALM Media, LLC*, 726 F.3d 107 (2d Cir. 2013), that Federal Rule of Civil Procedure 23, not CPLR § 901(b), governs when a federal TCPA suit may proceed as a class action. Accordingly, we **VACATE** the March 12, 2013 judgment of the District Court and **REMAND** the cause for further proceedings consistent with this opinion.

————————

Todd C. Bank, *pro se*, Todd C. Bank, Attorney at Law, Kew Gardens, *Plaintiff*

Aurora Francesca Parrilla, Lowenstein Sandler LLP, Roseland, NJ, *for Defendants-Appellees*

————————

PER CURIAM:

Todd C. Bank, *pro se*, appeals from the judgment of the District Court for the Eastern District of New York (William F. Kuntz, *Judge*) dismissing *sua sponte* his class action complaint, brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, for lack of subject matter jurisdiction, based on application of New York Civil Practice Law and Rules ("CPLR") § 901(b), which prohibits class-action suits for statutory damages. Bank argues on appeal that Federal Rule of Civil Procedure 23, not state law, governs when a federal TCPA suit may proceed as a class action.

We review *de novo* a district court judgment dismissing a complaint for lack of subject matter jurisdiction. *See Sokolowski v. Metro. Transp. Auth.*, 723 F.3d 187, 190 (2d Cir. 2013). The TCPA prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement," unless certain statutory exceptions apply. 47 U.S.C. § 227(b)(1)(C). Section 227(b)(3) of the TCPA provides that private parties "may, if otherwise permitted by the laws or rules of court of a State, bring [an action] in an appropriate court of that State." *Id.* § 227(b)(3).

The Supreme Court's decision in *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 140 (2012), uprooted much of our TCPA jurisprudence[1] by concluding that, despite § 227(b)(3)'s state-centric

---

[1] We recently recognized that "*Mims* expressly abrogates *Foxhall* [*Realty Law Offices, Inc. v. Telecomms. Premium Servs., Ltd.*, 156 F.3d 432 (2d Cir. 1998)] and undermines the holdings of *Gottlieb* [*v. Carnival Corp.*, 436 F.3d 335 (2d Cir. 2006).], *Bonime* [*v. Avaya, Inc.*, 547 F.3d 497 (2d Cir. 2008)], and *Holster* [*v. Gatco, Inc.*, 618 F.3d 214 (2d Cir. 2010)] insofar as those cases rest their interpretation of section 227(b)(3) on the jurisdictional approach that existed prior to *Mims*." *Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 113 (2d Cir. 2013)

language, there was "no convincing reason to read into the TCPA's permissive grant of jurisdiction to state courts any barrier to the U.S. district courts' exercise of the general federal-question jurisdiction they have possessed since 1875." *Id.* at 745. We recently considered whether, in light of *Mims'* "fundamental[] shift[ in] the way that we view section 227(b)(3)'s 'if otherwise permitted' language," the governing statute of limitations in a TCPA claim was the applicable state limitations period, or the federal catch-all limitations period set forth in 28 U.S.C. § 1658(a).[2] *Giovanniello v. ALM Media, LLC*, 726 F.3d 107, 111 (2d Cir. 2013).

We concluded that *Mims* "cannot be construed as requiring us to apply state limitations periods to TCPA claims in federal court." *Id.* at 114. In reaching this result we recognized that our prior interpretation of section 227(b)(3) "as having 'substantive content,' [and] as a delegation of authority to state courts to set the terms of TCPA claims, no longer holds true." *Id.* at 115 (internal citation omitted). Instead, *Mims* "suggests that in enacting the TCPA, Congress merely enabled states to decide whether and how to spend their resources on TCPA enforcement," and, indeed, *Mims* "emphasizes that Congress had a strong federal interest in uniform standards for TCPA claims in federal court." *Id.* at 114-15.

Nothing about the law at issue here—a state civil procedure statute prohibiting class-action claims for statutory damages—counsels a different result from that reached in *Giovanniello*. To the contrary, as we expressly recognized in *Giovanniello*, both rationales set forth in *Bonime v. Avaya, Inc.*, 547 F.3d 497 (2d Cir. 2008)—which held that CLPR § 901(b), not Federal Rule of Civil Procedure 23,

---

[2] We note that the District Court rendered its decision after the Supreme Court's decision in *Mims*, but before our decision in *Giovanniello*, and relied primarily on cases which we have now recognized as abrogated by *Mims*. *See* Note 1, *ante*.

governed TCPA class action suits—have now been rejected. Specifically, *Bonime's* first rationale—that the *Erie* doctrine required application of state law class-action procedures—was overturned by the Supreme Court's decision in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010). *See Giovanniello*, 726 F.3d at 111. And *Mims* undermined the second rationale, which relied on jurisdictional interpretations of section 227(b)(3).[3] *See id.* at 112-13. Accordingly, we hold that Federal Rule of Civil Procedure 23, not state law, governs when a federal TCPA suit may proceed as a class action.

## CONCLUSION

For the reasons set out above, we **VACATE** the March 12, 2013 judgment of the District Court, and **REMAND** for further proceedings consistent with this opinion.

---

[3] In addition, just as "Congress knew full well how to displace [the federal] catch-all limitations period with clear language," but chose not to, *Giovanniello*, 726 F.3d at 115, it knew full well how to preclude TCPA class actions by private parties, but chose not to do so.