14-1960-cv
Siegel v. Apergis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand fifteen.

PRESENT:
>JOHN M. WALKER, JR.,
>REENA RAGGI,
>CHRISTOPHER F. DRONEY,
>>*Circuit Judges.*

-----------------------------------------------------------------------
JEFFREY SIEGEL, RICHARD SIEGEL,
>*Plaintiffs-Appellants*,

v.                                                                          No. 14-1960-cv

ANNETTE APERGIS, UNITED STATES OF AMERICA, FLORENCE CORP., d/b/a FLORENCE BUILDING MATERIALS, DLJ MORTGAGE CAPITAL, INC., SAMUEL FELDMAN LUMBER CO., INC., d/b/a FELDMAN LUMBER, INTERAMERICAN MORTGAGE CORP., COASTAL CAPITAL CORP., JUNE SIEGEL, Individually and as Representative of the Estate of SEYMOUR SIEGEL,
>*Defendants-Appellees*,

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Washington Mutual Bank,
>*Defendant.*[*]

-----------------------------------------------------------------------

[*] The Clerk of Court is directed to amend the official caption as shown above.

1

FOR APPELLANTS:          Ahmed A. Massoud, Massoud & Pashkoff, LLP, New York, New York.

FOR APPELLEES:           Mary Margaret Dickman, Assistant United States Attorney, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York, *for* United States of America.

                         John P. Amato, Robert J. Malatak, Annie P. Kubic, Hahn & Hessen LLP, New York, New York, *for* DLJ Mortgage Capital, Inc.

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 7, 2014, is VACATED and REMANDED with instructions to the district court to enter a judgment of dismissal without prejudice.

Plaintiffs Jeffrey Siegel and Richard Siegel appeal the dismissal of their amended complaint with prejudice.  Plaintiffs do not here challenge the district court's decision to dismiss based on lack of subject-matter jurisdiction, nor do they argue that dismissal was otherwise improper.  They contend only that dismissal should have been without prejudice.  On de novo review, see Sokolowski v. MTA, 723 F.3d 187, 190 (2d Cir. 2013), we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand.

Our precedent instructs that when a court dismisses for lack of subject-matter jurisdiction, that dismissal must be without prejudice.  See Hernandez v. Conriv Realty

Assocs., 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice."); accord Vandor, Inc. v. Militello, 301 F.3d 37, 38–39 (2d Cir. 2002); see also Diaz v. Judge Advocate Gen. of the Navy, 413 F. App'x 342, 343–44 (2d Cir. 2011) (summary order). Nevertheless, Defendant DLJ Mortgage Capital, Inc., ("DLJ") argues that dismissal with prejudice was appropriate because all of the relevant issues and claims were previously decided in state court proceedings, and there is nothing left to adjudicate in any forum. In effect, DLJ asks us to hold that dismissal with prejudice is warranted by issue or claim preclusion. See Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (describing issue and claim preclusion).

DLJ's argument fails. Issue and claim preclusion go to the merits of a claim, which a court cannot adjudicate in the absence of jurisdiction. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (internal quotation marks omitted)); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) ("Preclusion, of course, is not a jurisdictional matter."); Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000) ("Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises claim preclusion . . . as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law."). Thus, even if DLJ is correct that plaintiffs' claims are precluded, the district court was powerless to

decide that issue in this case. This is not to suggest that plaintiffs can or should pursue the dismissed claims in state court. Nor do we express any view as to whether plaintiffs' or their counsel's conduct in pursuing this litigation has been appropriate. We conclude only that, once the district court determined that it lacked jurisdiction, dismissal should have been without prejudice.

We therefore VACATE the challenged judgment and REMAND with instructions to the district court to enter a judgment of dismissal without prejudice.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court