16-1082-cv (L)
Time Warner Cable of N.Y.C. LLC v. Int'l Bhd. of Elec. Workers

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand seventeen.

PRESENT:  REENA RAGGI,
              DENNY CHIN,
              SUSAN L. CARNEY,
                   *Circuit Judges.*
------------------------------------------------------------------------
TIME WARNER CABLE OF NEW YORK CITY LLC,
         *Plaintiff-Appellee-Cross-Appellant*,

              v.                                    Nos. 16-1082-cv (L)
                                                          16-1156-cv (XAP)

INTERNATIONAL       BROTHERHOOD       OF
ELECTRICAL  WORKERS,  AFLCIO,  LOCAL  UNION
NO. 3,
         *Defendant-Appellant-Cross-Appellee*,

NATIONAL LABOR RELATIONS BOARD,
         *Intervenor-Defendant-Cross-Appellee*,

DEREK JORDAN, individually and in his capacity as Business Agent of Local 3,
         *Defendant*.
------------------------------------------------------------------------

1

APPEARING FOR PLAINTIFF-
APPELLEE-CROSS-APPELLANT:

KENNETH A. MARGOLIS, Kauff McGuire &
Margolis LLP, New York, New York.

APPEARING FOR DEFENDANT-
APPELLANT-CROSS-APPELLEE:

MARTY G. GLENNON, Archer, Byington,
Glennon & Levine LLP, Melville, New York.

APPEARING FOR INTERVENOR-
DEFENDANT-CROSS-APPELLEE:

SARAH POSNER, Trial Attorney (Richard F.
Griffin, Jr., General Counsel, Jennifer Abruzzo,
Deputy General Counsel, Barbara O'Neill,
Associate General Counsel, Nancy E. Kessler
Platt, Deputy Associate General Counsel,
William G. Mascioli, Assistant General
Counsel, Dawn L. Goldstein, Deputy Assistant
General Counsel, Kevin P. Flanagan,
Supervisory Attorney, *on the brief*), National
Labor Relations Board, Washington, D.C.

Appeal from a judgment of the United States District Court for Eastern District of New York (Jack B. Weinstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 31, 2016, is AFFIRMED.

Defendant International Brotherhood of Electrical Workers, AFL-CIO, Local Union No. 3 (the "Union") here appeals from so much of a judgment as confirmed an arbitral award of money damages to plaintiff Time Warner Cable of New York City LLC ("TimeWarner") for what the arbitrator found to be the Union's violation of the no-strike provision in the parties' 2013 collective bargaining agreement ("CBA"). TimeWarner cross-appeals the district court's vacatur of that part of the arbitral award prohibiting future strikes. On appeal from the confirmation or vacatur of an arbitral award under Section 301 of the Labor Management Relations Act ("LMRA"), *see* 29 U.S.C. § 185, we review the district court's legal conclusions *de novo* and its factual findings for clear

2

error, *see National Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.  Subject-Matter Jurisdiction

Relying on a 2015 National Labor Relations Board ("NLRB") decision as deeming the CBA here at issue unenforceable, the Union contends that there was no contract over which the district court could exercise subject-matter jurisdiction under the LMRA. *See* 29 U.S.C. § 185(a) (conferring subject-matter jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization"). The argument is at odds with the Union's own jurisdictional statement to this court, which states that "[t]he District Court had jurisdiction under 28 U.S.C. § 1331 and . . . 29 U.S.C. § 185 *et seq.*" Def.-Appellant's Br. at 2. The point merits little discussion in any event because the purported invalidity of the CBA is an "affirmative defense" that the district court was empowered to adjudicate "consistent with [LMRA] § 301(a)," not a jurisdictional defect. *Textron Lycoming Reciprocating Engine Div., Avco Corp. v. United Auto., Aerospace, Agric. Implement Workers of Am., Int'l Union*, 523 U.S. 653, 658 (1998). Thus, the district court properly exercised subject-matter jurisdiction here.

2.  Public Policy

The Union maintains that confirmation of the damages award violates federal public policy in favor of its members' right to strike. *See National Labor Relations Bd.*

3

*v. Starbucks Corp.*, 679 F.3d 70, 77 (2d Cir. 2012) (stating that National Labor Relations Act guarantees employees' "right to self-organization . . . and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection" (quoting 29 U.S.C. § 157)).   A union, however, may waive that right.   *See Mastro Plastics Corp. v. Nat'l Labor Relations Bd.*, 350 U.S. 270, 279–80 (1956); *accord National Labor Relations Bd. v. G & T Terminal Packaging Co., Inc.*, 246 F.3d 103, 110 n.7 (2d Cir. 2001).   It did so here in its 2009 CBA, and that waiver was reincorporated in the 2013 CBA.

The Union contends that the 2013 waiver is without force because (1) the NLRB later concluded that TimeWarner and the Union had reached no "meeting of the minds" as to the 2013 CBA, J.A. 427; and (2) in any event, the no-strike clause did not cover orderly protests of unfair labor practices.   The first argument fails because, as the district court found, the Union waived it by (1) expressly asking the arbitrator to determine its liability under the no-strike clause of the 2013 CBA, and (2) lodging no challenge to the CBA until 5 months after the arbitrator issued an adverse interim award.   *See Sokolowski v. Metro. Transp. Auth.*, 723 F.3d 187, 191 (2d Cir. 2013) (stating that party's "participat[ion] in arbitration proceedings without making a timely objection" may evince waiver of right to object to arbitrator's authority (internal quotation marks omitted)); *Opals on Ice Lingerie v. Bodylines, Inc.*, 320 F.3d 362, 368 (2d Cir. 2003) ("If a party willingly and without reservation allows an issue to be submitted to arbitration, he cannot await the outcome and then later argue that the arbitrator lacked authority to decide the

4

matter . . . [unless he] clearly and explicitly reserves the right to object to arbitrability . . . ." (quoting *AGCO Corp. v. Anglin*, 216 F.3d 589, 593 (7th Cir. 2000)).

The Union's second challenge also fails because no-strike provisions in collective bargaining agreements are generally enforceable. *See Metropolitan Edison Co. v. Nat'l Labor Relations Bd.*, 460 U.S. 693, 705 (1983). Insofar as the Union objects that the clause cannot preclude an orderly protest in response to an unfair labor practice, whether the Union engaged in such a strike was a merits question before the arbitrator, not the district court, which could vacate the arbitrator's award on public policy grounds only if the award created an "explicit conflict with other laws and legal precedents." *New York City & Vicinity Dist. Council v. Ass'n of Wall-Ceiling and Carpentry Indus. of N.Y., Inc.*, 826 F.3d 611, 618 (2d Cir. 2016) (internal quotation marks omitted); *National Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d at 536 (stating that "courts are not permitted to substitute their own" judgment for that of arbitrator). No such conflict is apparent here. The arbitrator found—based upon video evidence—that union members were not in fact orderly because they had blocked vehicular access to TimeWarner's facility, which accords with the NLRB's "consistent[]" conclusion "that the blocking of access to an employee's workplace constitutes unlawful restraint and coercion" in violation of the LMRA. *International Bhd. of Elec. Workers, Local Union No. 98 & Tri-M Grp., LLC*, 350 N.L.R.B. 1104, 1107 (2007).

We, therefore, affirm the district court's confirmation of the arbitrator's award of money damages to TimeWarner.

5

3.     <u>Prohibition Against Future Strikes</u>

On cross-appeal, TimeWarner challenges the vacatur of that portion of the arbitral award directing the Union "not to engage in similar violations of the contractual 'no-strike' provision in the future."[1] S.A. 41. We identify no error in the district court's decision on this matter because the questions presented to the arbitrator did not address disputes as to future violations of the no-strike provision.

In the labor-management context, an arbitrator is bound by both "the CBA and the questions submitted by the parties for arbitration," and the limitations on his authority "generally depend[] on the intention of the parties." *187 Concourse Assocs. v. Fishman*, 399 F.3d 524, 527 (2d Cir. 2005) (internal quotation marks omitted). The parties here asked the arbitrator to answer only two questions—(1) Whether the Union "violate[d] the no-strike provision" of the CBA during the April 2, 2014 strike; and (2) "[i]f so, what shall be the remedy?"—neither of which explicitly empowered the arbitrator to address matters relating to further strikes, as opposed to the strike that had already occurred. J.A. 527. While the parties could have agreed to submit to the arbitrator such matters as were likely to arise in connection with future strikes, the record demonstrates that no such agreement existed here. *See 187 Concourse Assocs. v. Fishman*, 399 F.3d at 526–27 (concluding, where arbitrator was asked (1) "Was the Grievant discharged for just cause?" and (2) "If not, what shall the remedy be?" that power to award remedies was limited by first question). This is particularly so where the arbitrator acknowledged that

---

[1] The NLRB intervenes solely to defend the district court's decision in this regard.

the only dispute before him related to the "events of April 2, 2014," and that other conflicts with the union would "fall outside the scope of the grievance that is before the Arbitrator in the instant case." J.A. 356–57. Accordingly, we affirm the district court's decision to strike so much of the arbitral award as "explicitly directed" the Union "not to engage in similar violations of the contractual 'no-strike' provisions in the future."[2] S.A. 41.

4. Conclusion

We have considered the parties' other arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Because we have concluded that the Union waived its challenges to the 2013 CBA for purposes of the arbitration presented here, and that the question of future strikes was not submitted to the arbitrator, we need not address the effect of the 2015 NLRB decision. The CBA to which the decision relates is scheduled to expire on March 31, 2017, in any event.