16-4153-cv
*Sistem v. Kyrgyz Republic*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand eighteen.

PRESENT:    AMALYA L. KEARSE,
            GUIDO CALABRESI,
            DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SISTEM MÜHENDISLIK INŞAAT SANAYI VE
TICARET, A.Ş.,
            *Plaintiff-Appellee,*

            v.                                          16-4153-cv

THE KYRGYZ REPUBLIC,
            *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLEE:          ROBERT K. KRY (Sarah J. Newman, *on
                                 the brief*), MoloLamken LLP,
                                 Washington, District of Columbia.

FOR DEFENDANT-APPELLANT:        A. GRANT McCREA, Law Offices of A. Grant McCrea, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant the Kyrgyz Republic (the "Republic") appeals from a November 14, 2016 judgment of the district court recognizing an arbitral award (the "Award") issued September 9, 2009, by the International Centre for Settlement of Investment Disputes ("ICSID") against it in favor of plaintiff-appellee Sistem Mühendislik Inşaat Sanayi Ve Ticaret, A.Ş. ("Sistem"), a Turkish company.[1] The Award was issued pursuant to proceedings brought under ICSID Additional Facility ("ICSID AF") Rules.[2] By opinion and order entered September 30, 2016, the district court

---

[1] The district court characterized the action as a "confirmation" proceeding. In *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, however, issued several months later, we clarified that under the New York Convention and Chapter 2 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 201 *et seq.*, an action to convert a nondomestic arbitral award into a judgment is a "recognition and enforcement action," notwithstanding the term "confirmation" employed by the FAA. *See* 850 F.3d 58, 71-72, 74 (2d Cir. 2017). Here, the ICSID AF award fell under the New York Convention and Chapter 2 of the FAA. Moreover, Sistem stated in its complaint that it was seeking "the recognition and enforcement" of its foreign arbitral award against the Republic. App. 31. Accordingly, this is a "recognition and enforcement" action against a foreign sovereign.

[2] ICSID AF arbitrations govern disputes that involve a party from a country that has not ratified the ICSID Convention. Although the Republic is a signatory to the ICSID Convention, it has not ratified it. Awards issued pursuant to ICSID AF are enforceable under the New York Convention and the FAA, 9 U.S.C. § 201 *et seq.*, rather than under the ICSID Convention enforcement regime, 22 U.S.C. § 2250(a)-(b).

granted Sistem's motion for summary judgment and denied the Republic's motion for summary judgment.

On appeal, the Republic challenges the district court's determination that (1) the Republic waived its right to challenge the jurisdiction of the arbitral tribunal by failing to raise that issue during arbitration, and (2) the Kyrgyz-Turkey Bilateral Investment Treaty (the "BIT") authorized both ICSID Convention arbitration and ICSID AF arbitration because the BIT expressly consented to arbitration before ICSID without limitation as to the applicable rules. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As to the Republic's first argument, we agree with the district court that the Republic waived its right to challenge the jurisdiction of the ICSID AF tribunal. At no time during the arbitration proceedings did the Republic argue that ICSID AF proceedings were outside the scope of the BIT. Although, in accordance with ICSID AF Rules, the Republic submitted a "counter-memorial" on jurisdiction on May 9, 2007, the Republic's counter-memorial did not include a jurisdictional challenge to the fact that Sistem's request for arbitration invoked ICSID AF rather than ICSID Convention arbitration.[3] Accordingly, the Republic waived its jurisdictional argument by failing to

---

[3] Although the Republic argues that ICSID AF Rules do not apply to this dispute, the Rules require any objection to the tribunal's jurisdiction to be raised "as soon as possible after the constitution of the Tribunal and in any event no later than the expiration of the time limit fixed for the filing of the counter-memorial." ICSID AF Rules sched. C, art. 45(2).

raise that challenge during the arbitration. *See Sokolowski v. Metro. Transp. Auth.*, 723 F.3d 187, 191-92 (2d Cir. 2013) ("[W]here a '[party] participates in an arbitration hearing without voicing objection to the arbitrator's authority to decide the matter, the [party] waives its right to challenge the arbitrator's jurisdiction.'" (alterations omitted) (quoting *United Indus. Workers v. Gov't of Virgin Islands*, 987 F.2d 162, 169 (3d Cir. 1993)); *accord Stotter Div. of Graduate Plastics Co. v. District 65, United Auto. Workers, AFL-CIO*, 991 F.2d 997, 1002 (2d Cir. 1993) (holding respondent in arbitration proceeding waived objection to selection of arbitrator by failing to "specifically" object, even though respondent objected to jurisdiction on different grounds).

As to the Republic's second argument, we agree with the district court that the express terms of the BIT authorized both ICSID Convention and ICSID AF proceedings. Article VII of the BIT provides that a dispute "can be submitted . . . [to] the International Center for Settlement of Investment Disputes (ICSID) set up by the 'Convention on Settlement of Investment Disputes Between States and Nationals of other States', [in case both Parties become signatories of this Convention.]." BIT art. VII(2)(a) (brackets in original). That provision does not distinguish between ICSID Convention and ICSID AF proceedings, nor does it impose any limitation on the arbitral rules that ICSID may apply. Moreover, both types of arbitrations are ICSID arbitrations, administered by the same institution -- ICSID. Accordingly, as the district court concluded, "references to arbitration by ICSID or the Centre do not *exclusively*

- 4 -

describe proceedings implemented pursuant to the Convention," rather than pursuant to ICSID AF rules. App. 2308 (emphasis added). [4]

Finally, at oral argument before this Court, we asked the parties about the impact of two of our decisions on this case, *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96 (2d Cir. 2017), and *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58 (2d Cir. 2017), as to whether a party seeking to enforce an arbitral award against a foreign sovereign must strictly comply with the venue requirements of the Foreign Sovereign Immunities Act (the "FSIA"). Both cases were decided after the district court entered its opinion and order and judgment. We decided *CBF Industria* on March 2, 2017, and *Mobil Cerro* on July 11, 2017. The parties had not addressed the cases in their briefs nor had they submitted Fed. R. App. P. 28(j) letters prior to oral argument. At oral argument, we asked the parties to submit supplemental letter briefing. They did so, but neither party's submissions offered any substance on this issue.

We recognize that under the FSIA, and on the record before us, venue in the Southern District of New York may not be proper. *See* 28 U.S.C. § 1391(f) (venue is

---

[4] The Republic contends that the district court incorrectly applied a "strict, deferential" standard of review to the question of whether the arbitral tribunal had jurisdiction. Def.-Appellant's Br. 11. As discussed above, however, the Republic never raised this challenge during arbitration, and the tribunal never addressed it. The district court therefore could not have "deferred" to the tribunal's determination as to this issue. Instead, the district court conducted a jurisdictional analysis in the first instance.

proper in the District of Columbia unless *inter alia* "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," in another district). [5] Nevertheless, we conclude that the district court did not err in holding that the Republic failed to timely raise its venue objection. Indeed, the Republic failed to raise a venue challenge in a responsive pleading in the district court, and the Republic did not raise the issue in its briefing on appeal. *See* Fed. R. Civ. P. 12(h)(1); *see also Tri-State Emp't Servs., Inc. v. Mountbatten Sur. Co.*, 295 F.3d 256, 261 n.2 (2d Cir. 2002) ("[V]enue was (and remains) a privilege personal to each defendant, which . . . is waived by him unless timely objection is interposed." (internal quotation marks omitted)). Accordingly, the Republic waived its right to challenge venue.

We have considered the Republic's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[5] The complaint is devoid of any assertion that New York is the appropriate venue under the FSIA. It is also unclear that there is any conduct connecting this action to New York. The parties are foreign, the arbitration was conducted in Paris, and the property at issue was located in the Republic.